EDWARD J. KOSTER, LOUIS H. MEADE, GEORGE J. GIGER, SAM C. SCHENCK, SR., AND JOHN P. REMENSNYDER, TRUSTEES FOR WAIVING CREDITORS OF THE METUCHEN NATIONAL BANK, PLAINTIFFS-APPELLEES. v. JOSEPH DEEGAN, DEFENDANT-APPELLANT.

Argued May 8, 1938—Decided September 14, 1938.

Before Justices TRENCHARD, PARKER and PERSKIE.

For the appellant, *Paul C. Kemeny.*

For the appellees, *John B. Molineux.*

PER CURIAM.

This action was instituted to recover moneys alleged to be due on a note signed by the defendant as endorser, and resulted in a judgment in favor of the plaintiffs, rendered by the trial judge sitting without a jury.

The only point argued by the defendant is that the judge erred in not granting a motion for nonsuit and in not granting a motion for the direction of a verdict for the defendant. We believe that the point is not well taken.

The defendant first says that these motions should have been granted because the court permitted an amendment of the note in suit. Not so: the amendment allowed was as to the state of demand, and was well within the power of the court as declared in *Rev. Stat.* 2:32-6. In this connection he further seems to contend that the court amended the note to include protest fees. This contention likewise is ill founded in point of fact. If, as does not seem clear, there was any amendment as to protest fees, it was merely an amendment to the state of demand, and that was permissible. Moreover, this seems immaterial, for the state of the case as settled by the parties discloses that the defendant "agreed to the making of the note and the endorsement thereof, together with legal protest and the sending of proper notice thereof to the defendant, so as to make unnecessary proof of these facts by the plaintiffs."

Lastly, it seems to be argued that there was an accord and satisfaction. We believe that a sufficient answer is that there was no proof thereof, certainly none of satisfaction. The offer of accord was never accepted and was accordingly withdrawn after long delay; and moreover the court below found that there was no accord and satisfaction, and since that finding was amply justified by the evidence, it is conclusive here.

The judgment below will be affirmed, with costs.